FILED
SUPERIOR COURT
OF GUAM

2018 JAN 10 AM II: 12

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>MB KOTTO,<br><br>　　　　　　　　Defendant. | CRIMINAL CASE NO. CF0655-17<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 8, 2018, for hearing on Defendant MB KOTTO's ("Defendant") Motion and Application for Bail Redetermination Hearing for Release on Personal Recognizance or Unsecured Bond ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha L. Molyneux, and Assistant Attorney General Thomas R. Neuman was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on January 8, 2018, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On December 1, 2017, Defendant was indicted with the following charges: (1) Aggravated Assault (As a Second Degree Felony) – Two Counts, with an attached Special allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Aggravated Assault (As a Third Degree Felony) – Two Counts, with an attached Special

Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (3) Assault (As a Misdemeanor); and (4) Family Violence (As a Misdemeanor). (Indictment, Dec. 1, 2017). These charges stem from allegations that Defendant chased and then attacked J.M. (DOB: 04/10/2003) ("Victim 1") by punching her several times in her stomach and then pulled out a knife and stabbed A.R. (DOB: 08/14/2006) ("Victim 2") in the neck. (Decl. of Jeremy S. Kemper, Magistrate's Compl., Nov. 21, 2017).

On December 6, 2017, at Arraignment, Defendant asserted his right to speedy trial. Jury Selection and Trial was set to commence on January 17, 2018 at 1:30 p.m.

On December 18, 2017, Defendant filed a Motion and Application for Bail Redetermination Hearing under 8 G.C.A. § 40.50 for Release on Personal Recognizance or Unsecured Bond. Defendant is confined pending the posting of twenty thousand dollars ($20,000) cash bail. *See* Commitment Order, Nov. 21, 2017; Minute Entry, Nov. 21, 2017. The Government did not file a written response to the motion, but orally opposed the motion on January 8, 2018.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the twenty thousand dollar ($20,000) cash bail. *See generally*, Mot. Bail Redetermination, Dec. 18, 2017.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i) length of his/her residence on Guam;

(ii)     his/her employment status and history, and financial condition;

(iii)    his/her family ties and relationships;

(iv)    his/her reputation, character and mental and physical condition;

(v)     his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi)    his/her history relating to drug or alcohol abuse;

(vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)   whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community.

*People v. Kotto*
Case No. CF0655-17
Decision and Order

"Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he "has been in the community for approximately 10 years. He has only one other criminal matter and that was from 7 years ago. He lacks any resources to present a flight risk." (Mot. Bail Redetermination at 4).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and whether Defendant will appear in court when required. The Court recognizes the very serious nature of the offenses charged, along with the possibility of conviction and the likely sentence. Defendant is accused of using a knife and chasing or running after the victims in this matter, followed by acts of violence. Defendant's felony charges include two counts of Aggravated Assault (as a Third Degree Felony) and two counts of Aggravated Assault (As a Third Degree Felony), each of which includes an attached Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony. Defendant faces a minimum of five years imprisonment for each special allegation,[1] as well as a range of three to ten years for each count of Aggravated Assault (As a Second Degree Felony) and a range of zero to five years for each count of Aggravated Assault (As a Third Degree Felony). Such a lengthy potential sentence would give anyone so accused considerable incentive to avoid future court hearings in the matter.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community or Defendant's

---

[1] Pursuant to 9 G.C.A. § 80.37:

> Whoever unlawfully possesses or uses a deadly weapon in the commission of a felony punishable under the laws of Guam shall, in addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years. . . . The term required to be imposed by this Section shall not run concurrently with any term of imprisonment imposed for the commission of any other felony.

further appearance in court. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Pre-Trial Conference is set for January 16, 2018 at 1:30 p.m. Jury Selection and Trial will commence on January 23, 2018 at 1:30 p.m.

IT IS SO ORDERED, *nunc pro tunc* to January 8, 2018, this _____ **JAN 0 9 2018** _____.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_A G 's, PDSC_

Date JAN 1 0 2019 11:15am

a J

Deputy Clerk, Superior Court of Guam

*People v. Kotto*
Case No. CF0655-17
Decision and Order